**SOCIETY CREATED TO REDUCE URBAN BLIGHT, Mary Crawley Tracy, Old City Civic Association, and Kensington South Neighborhood Advisory Council,**

v.

**The ZONING BOARD OF ADJUSTMENT, The City of Philadelphia, Callowhill Center Associates and Metro Lights, LLC.**

**Appeal of Callowhill Center Associates and Metro Lights, LLC.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 12, 2002.

Decided July 11, 2002.

Reargument/Reconsideration Denied Aug. 21, 2002.

---

Luther E. Weaver, III, Philadelphia, for appellants.

Samuel C. Stretton, West Chester, for appellees.

OPINION BY Judge SIMPSON.

Callowhill Center Associates and Metro Lights, LLC (Applicants) appeal an order of the Court of Common Pleas of Philadelphia County (trial court) reversing the grant of a variance to erect an outdoor advertising sign by the Zoning Board of Adjustment of the City of Philadelphia (Board). We affirm.

In 1999, Applicants erected a 65 foot by 100 foot non-accessory sign on the wall of a building located on North 7th Street in Philadelphia. In February 2000, after the sign had been in place for one year, Applicants applied to the Philadelphia Department of Licenses and Inspections (L & I) for zoning and use permits for a proposed

sign, which was identical in proportion to the existing sign. L & I rejected the application because the sign would violate the outdoor advertising requirements of Sections 14–506, 14–1604 and 14–1604.1 of the City of Philadelphia Zoning Code, Phila. Code §§ 14–506, 14–1604, and 14–1604.1 (zoning code).

Applicants appealed to the Board but did not dispute that the sign violates the zoning code.[1] Instead, they argued that a variance should be granted. They presented the testimony of Myron Berman, a representative of the owner of the building upon which the sign is to be placed. Berman testified that the building had been purchased from the Philadelphia school district in 1986. He noted that, at the time of the hearing, the building was 70 to 80% occupied by commercial tenants. Reproduced Record (R.R.) at 39a.

Berman testified that in 2000 the facade of the building required repair and replacement of windows at a cost of $4.8 million. R.R. at 32a. He explained that rental income was insufficient to fund the building repairs. R.R. at 34a–35a. Berman maintained that the exterior renovations would not have been possible without the sign revenue. R.R. at 34a.

In opposition, the Society Created to Reduce Urban Blight (SCRUB), the Olde City Civic Association, and the Kensington South Neighborhood Advisory Council (collectively Objectors) presented testimony. Objectors argued that the sign was a blight. They also presented the testimony of Gray Smith, an architect and city planner. Smith opined that the sign violated the zoning code and would reduce the quality of the visual and aesthetic environment. Additionally, the Philadelphia Planning Commission submitted a report recommending that the variance be denied in light of the numerous violations of the zoning code.

The Board granted the variance. The Board concluded that the Applicants would suffer an unnecessary hardship if the variance was not granted as their ability to fund the building repairs would be compromised.

On appeal, the trial court reversed, concluding that Applicants did not suffer the required hardship. The trial court reasoned that, because the building was 70 to 80% occupied by commercial tenants when the sign was erected, the loss of the sign revenue did not render the property valueless. In addition, the trial court found that Applicants waived several arguments including a constitutional challenge to Sections 14–1604 and 14–1604.1 of the zoning code. Applicants filed a timely appeal to this Court.

 Applicants pose three questions for our review: (1) whether the trial court erred in ruling that they waived argu-

---

1. The sign violates the following provisions of the zoning code:
 - It is within the Vine Street Parkway special control area, which is prohibited by Section 14–1604.1(5);
 - The property is zoned L–4 industrial; the zoning code does not permit outdoor advertising signs as a use for property within an L–4 industrial zone. Section 14–506(1)(a)(.2).
 - Applicants propose to remove only 1,478 square feet of existing signs in exchange for the new sign which totals 9,750 square feet;

Section 14–1604(10)(a) requires that existing signs of equal or greater area must be removed;
 - Section 14–1604(5) sets the maximum sign area at 1,000 square feet; the sign has an area of 9,750 square feet.
 - Section 14–1604(6) requires that the bottom edge of the sign be not more than 25 feet above the road surface and that the sign be limited to 20 feet in height above the bottom edge; the sign's bottom edge will measure 45 feet from the road surface, and the top edge will rise 65 feet above the bottom.

ments that had not been raised before the Board; (2) whether the trial court erred by reversing the Board's grant of a variance; and (3) whether the zoning code is applicable to Applicants' sign.[2]

Initially, we note that Applicants did not challenge the constitutionality of the zoning code before the Board. They argued only that a variance should be granted. After Objectors appealed the grant of the variance to the trial court, Applicants questioned the validity of the zoning code as a prior restraint on commercial speech and as exclusionary zoning. For the reasons set forth below, we conclude that Applicants waived those arguments.

■ Section 1005–A of the Pennsylvania Municipalities Planning Code[3] provides that, upon motion by the parties, the trial court may receive additional evidence if necessary for proper consideration of the appeal. If parties do not request that the trial court hear additional evidence, they waive arguments which were not raised before the board. *See Segal v. Zoning Hearing Board of Buckingham Township*, 771 A.2d 90 (Pa.Cmwlth.2001) (applicant's failure to argue entitlement to a *de minimis* variance before the zoning board resulted in waiver since permission was not obtained from trial court to raise new argument); *Myers v. State College Zoning Hearing Board*, 108 Pa.Cmwlth. 624, 530 A.2d 526 (1987) (where vested right claim was first advanced before the trial court, applicant waived that claim since the record was devoid of any application or motion to have the trial court allow that claim to be raised). This approach ensures that

the fact finder has a full opportunity to create a reviewable record on all issues.

Our decision in *813 Associates v. Zoning Hearing Board of Springfield Township*, 84 Pa.Cmwlth. 420, 479 A.2d 677 (1984) provides additional controlling authority. In *813 Associates* the applicant's sole request before the zoning board was for the grant of a variance. On appeal to this Court after the zoning board denied the variance, the applicant argued that the zoning code was invalid. We held that the applicant's failure to raise those arguments before the zoning board resulted in waiver.

Here, the Board was the fact finder. Applicants failed to raise their constitutional arguments before the Board. As a result, the Board was unable to compile an adequate record for determination of those issues. Likewise, the record reveals no request that the trial court permit enlargement of the record. 53 P.S. § 11005–A. The City of Philadelphia was not aware of the attack on the zoning code at a time when it could create a record in defense of constitutionality. Consequently, the trial court found that the arguments were waived. We agree that Applicants waived all arguments not raised before the Board, including the argument that the zoning code is unconstitutional.

■ Applicants next contend that the trial court erred by reversing the zoning board's grant of a variance. They maintain that without the sign revenue they would have been unable to fund the exterior repairs and that the loss of the revenue imposes an unnecessary hardship on the building. We disagree.

■ A party seeking a variance bears the burden of proving that an unnecessary

---

**2.** Where, as here, the trial court hears no additional evidence, our review is limited to a determination of whether the board committed an error of law or an abuse of discretion. *Greaton Properties, Inc. v. Lower Merion Township*, 796 A.2d 1038 (Pa.Cmwlth.2002).

**3.** Act of July 31, 1968, P.L. 805, *as amended,* added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005–A.

hardship will result if the variance is not granted and also that the variance will not be contrary to the public interest. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). Absent a finding that property will be rendered valueless, financial hardship alone is not a sufficient basis for granting a variance. *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment*, 713 A.2d 135 (Pa.Cmwlth. 1998). Property owners do not have a right to utilize land for their highest and best financial gain. *Id.*

We held in several recent decisions that the loss of rental income from disallowed outdoor advertising signs was not an unnecessary hardship. In *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Bd. of Adjustment for the City of Philadelphia*, 772 A.2d 1040 (Pa.Cmwlth.2001), Conrail sought a variance to erect outdoor signs. The trial court concluded that the board's grant of a variance was improper because the property was being used productively for the railroad business. On appeal, Conrail argued that it would suffer an unnecessary hardship since it would be unable to follow its national advertising practice and would lose income that the signs would generate. In response, we stated:

> This argument is wholly frivolous. The law is well settled that a mere showing of economic hardship or that a property could be utilized more profitably is insufficient to support the grant of a variance.

*SCRUB*, 772 A.2d at 1044 (citation omitted).

Similarly, in *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment of City of Philadelphia*, 771 A.2d 874 (Pa.Cmwlth.2001), the applicants sought a variance for the placement of outdoor advertising signs. They argued that an unnecessary hardship would result from the denial of a variance because the property's use as a sewage treatment plant required a large, unoccupied grassy area and the only other use for the property was to erect outdoor signs. We held that the applicants' inability to use their entire property to maximize their profits was not an unnecessary hardship as the property was already being put to a profitable use.

Pursuant to these decisions, we conclude that the Board erred as a matter of law by granting the variance when Applicants did not demonstrate the required showing of unnecessary hardship. As noted, the building was 70 to 80% occupied by commercial tenants when the sign was erected. The building is being put to a profitable use, and the loss of the sign revenue does not render the building valueless. Because we conclude that Applicants did not prove the required hardship, we need not determine whether a variance would be contrary to the public interest.

Alternatively, Applicants argue that a variance is not necessary because the zoning code does not apply to their sign. They assert that their sign is a wall wrap, which drapes the side of the building like a banner. They claim that the zoning code applies only to billboards.

Reference to the definition section of the zoning code demonstrates that this argument lacks merit. The term "sign" is defined as follows:

> A name, identification, description, emblem, display or structure which is affixed to, or printed on, or represented directly upon a building, structure or parcel of land.

Phila.Code § 14–102(86). Our review of the record reveals that Applicants' sign falls within that definition.

Accordingly, we affirm.

President Judge Colins concurs in the result only.

## ORDER

AND NOW, this 11th day of July, 2002, the order of the Court of Common Pleas of Philadelphia County is affirmed.