**CITY OF PHILADELPHIA**

v.

**Myron BERMAN, Callowhill Center Associates, and Metro Lights, LLC.**

**Appeal of Myron Berman and Callowhill Center Associates.**

Commonwealth Court of Pennsylvania.

Argued Nov. 2, 2004.

Decided Dec. 14, 2004.

Marianne E. Brown, Philadelphia, for appellant.

Cheryl L. Gaston, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge FRIEDMAN.

Myron Berman (Berman) and Callowhill Center Associates (CCA) (collectively, Appellants) appeal from the March 1, 2004,

order[1] of the Court of Common Pleas of Philadelphia County (trial court), which, *inter alia,* ordered Appellants to remove a wall wrap[2] and/or any advertising upon it, pay a fine and place all advertising revenues derived from the wall wrap since December 17, 2002, into a constructive trust in favor of the citizens of Philadelphia.

The early history of this case is related to a prior Commonwealth Court case, which is summarized as follows. In 1999, CCA and Metro Lights, LLC[3] erected a wall wrap on a building located on North 7th Street in Philadelphia, Pennsylvania (Property). In February 2000, after the sign had been in place for one year, CCA and Metro Lights applied to the Philadelphia Department of Licenses and Inspections (L & I) for zoning and use permits for a proposed sign, which was identical in proportion to the existing sign. L & I rejected the application because the sign would violate the City's Zoning Code. CCA and Metro Lights appealed the denial to the City's Zoning Board of Adjustment (Board), arguing that a variance should be granted. The Board agreed and granted the variance.[4] On appeal, the trial court reversed, concluding that there was no hardship. CCA and Metro Lights appealed that decision to this court, and we affirmed the denial of the variance. *Soci-*

*ety Created to Reduce Urban Blight v. Zoning Board of Adjustment,* 804 A.2d 116, 117–18 (Pa.Cmwlth.)(*SCRUB*), *appeal denied,* 572 Pa. 727, 814 A.2d 679 (2002), *cert. denied, Callowhill Center Associates, LLP v. Society Created to Reduce Urban Blight,* 539 U.S. 903, 123 S.Ct. 2247, 156 L.Ed.2d 111 (2003).

Despite this court's order determining that the wall wrap is illegal and must be removed, the wall wrap remains in place. Accordingly, on January 28, 2003, the City filed the equity action now before this court in order to enforce our aforementioned decision. The City's complaint named Berman and Metro Lights as defendants.

At a May 22, 2003, hearing, Berman's counsel requested a continuance because Berman was not available and there was a question as to ownership of the Property; the City sought to add CCA as an additional defendant, stating that CCA is the owner of the Property. (R.R. at 45a–52a.) The trial court granted a continuance to June 26, 2003, over the City's objection.

The June 26, 2003, hearing also was continued; nevertheless, by order dated June 26, 2003, and docketed June 27, 2003, the trial court, *inter alia,* amended the City's complaint to add CCA as a defen-

---

1. The order was docketed on March 17, 2004.

2. The wall wrap is a sixty-five foot by one hundred foot sign on a building located at 413–53 N. 7th Street in Philadelphia.

3. Apparently, Metro Lights was involved with prior advertising on the wall wrap but currently has no involvement with the structure. Although Metro Lights remains a party to the action, they are not a party to this appeal.

4. The Board determined that CCA and Metro Lights would suffer an unnecessary hardship if the variance was not granted because revenues from the wall wrap help fund building repairs. Indeed, Berman testified that the

windows in the building needed to be repaired and replaced at a cost of $4.8 million and that the rental income from the building, which was seventy to eighty percent occupied by commercial tenants, was insufficient to fund the repairs. Berman maintained that the exterior renovations would not have been possible without the revenue from the wall wrap. *Society Created to Reduce Urban Blight v. Zoning Board of Adjustment,* 804 A.2d 116 (Pa. Cmwlth.)(*SCRUB*), *appeal denied,* 572 Pa. 727, 814 A.2d 679 (2002), *cert. denied, Callowhill Center Associates, LLP v. Society Created to Reduce Urban Blight,* 539 U.S. 903, 123 S.Ct. 2247, 156 L.Ed.2d 111 (2003).

dant and ordered the City to "make service of process upon Callowhill Center Associates c/o Myron Berman in accordance with all requirements of the Pennsylvania Rules of Civil Procedure dealing with service of original process." (R.R. at 73a; *see* R.R. at 2a–3a.) The Amended Complaint, adding CCA as a defendant, was filed on July 10, 2003. Subsequent hearings on the City's action, scheduled for September 11, 2003, and November 13, 2003, also were continued, and the next hearing was scheduled for January 8, 2004.

On January 7, 2004, Appellants filed preliminary objections to the initial complaint, asserting that: (1) the complaint fails to state a cause of action against Berman because CCA, not Berman, owns the Property; and (2) the trial court has no jurisdiction over CCA because the City never issued a notice of violation against CCA or served CCA with the Amended Complaint. (R.R. at 97a–99a.) On January 8, 2004, the trial court overruled the preliminary objections and ordered an immediate evidentiary hearing, denying Appellants' request for another continuance.

Notwithstanding the trial court's ruling on Appellants' preliminary objections, a discussion again ensued at the January 8, 2004, hearing regarding whether the City served CCA with the Amended Complaint. The City's counsel stated that she personally handed a copy of the Amended Complaint to opposing counsel, Luther Weaver (Weaver), at the September 11, 2003, listing. Noting that there was no return of service on the docket, the trial court asked the City's counsel to file that with the trial court. The Affidavit of Service filed with the trial court on February 9, 2004, indicates that the Amended Complaint was mailed to Weaver on July 10, 2003.[5] (R.R. at 207a.)

On March 1, 2004, the trial court issued an order in which it, *inter alia*: (1) ordered Appellants to remove the wall wrap and/or any advertising upon the wall wrap; (2) ordered Appellants to pay a fine of $150.00 per day for every day the wall wrap has been maintained in violation of the Zoning Code since December 17, 2002,[6] until the wall wrap is either removed or advertising upon it ceases; (3) ordered Appellants to forfeit all advertising revenues from the wall wrap since December 17, 2002, until the wall wrap is either removed or advertising upon it ceases and to place those revenues into a constructive trust in favor of the citizens of Philadelphia; and (4) found that the wall wrap is a threat to the health, safety and welfare pursuant to sections 14–1604(1)(g), 14–1604(1)(h) and 14–1604(1)(m) of the Zoning Code. Appellants filed post-trial motions, which the trial court denied.

■ Appellants now appeal to this court,[7] alleging both procedural and substantive errors. However, we never reach the substantive issues because we agree

---

5. The docket entry indicates personal service on Weaver on July 10, 2003. (R.R. at 5a.) We note that the Affidavit of Service appears to be a pre-printed form, stating that service was made "by handing a copy of same to" and there are spaces to check off which correspond to each possibility under Pa. R.C.P. No. 402; however, nothing is checked. Rather, typed on the form is the statement that the Amended Complaint was mailed to Weaver on July 10, 2003. (R.R. at 207a.)

6. This date was chosen because it is the date the Pennsylvania Supreme Court denied CCA's and Metro Lights' petition for allowance of appeal. *SCRUB*, 572 Pa. 728, 814 A.2d 679 (2002).

7. This court's scope of review in an equity matter is limited to determining whether the trial court committed an error of law or abused its discretion. *Cecil Township v. Klements*, 821 A.2d 670 (Pa.Cmwlth.2003).

that the procedural errors require us to remand the case to the trial court.

### Service of Process

■ Appellants first argue that the trial court lacked jurisdiction over CCA and, thus, was powerless to enter judgment against CCA because CCA was never served with the Amended Complaint adding CCA as a party. Appellants maintain that the lack of service of process violates CCA's procedural due process rights of notice and an opportunity to be heard. Relying on an affidavit signed by Weaver, Appellants deny that the City served Weaver with the Amended Complaint. Moreover, Appellants argue that, even if Weaver was served, that service was not proper under Pa. R.C.P. No. 402.

■ Service of process is the mechanism by which a court obtains jurisdiction over a defendant.[8] *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.,* 422 Pa. 124, 221 A.2d 185 (1966). The rules relating to service of process must be strictly followed. *Id.; Dubrey v. Izaguirre,* 454 Pa.Super. 504, 685 A.2d 1391 (1996). Proper service is not presumed; rather, the return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure. *Township of Lycoming v. Shannon,* 780 A.2d 835 (Pa.Cmwlth. 2001). In the absence of valid service, a court lacks personal jurisdiction over the party and is powerless to enter judgment against that party. *U.K. LaSalle, Inc. v.*

*Lawless,* 421 Pa.Super. 496, 618 A.2d 447 (1992). Where service of process is defective, the remedy is to set aside the service. *Weaver v. Martin,* 440 Pa.Super. 185, 655 A.2d 180 (1995); *Frycklund v. Way,* 410 Pa.Super. 347, 599 A.2d 1332 (1991), *appeal denied,* 531 Pa. 654, 613 A.2d 560 (1992). In such a case, the action remains open, however, and the court must allow the plaintiff to attempt to make proper service of process on the defendant which would properly vest jurisdiction in the court. *Weaver; Frycklund.*

Here, CCA was first named as a defendant in this action in the Amended Complaint, which the trial court ordered the City to serve on CCA in accordance with the Pennsylvania Rules of Civil Procedure dealing with service of original process.[9]

Pa. R.C.P. No. 402 provides:

(a) Original process may be served

(1) by *handing* a copy to the *defendant;* or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to

---

8. Jurisdiction of the person also may be obtained through consent or waiver. *Fleehr v. Mummert,* 857 A.2d 683 (Pa.Super.2004). Because our review of the record reveals that CCA neither consented to service nor waived its objection to service by taking any action evidencing an intent to submit to the court's jurisdiction, we will limit the discussion to service of process. Indeed, we point out that when counsel appeared at the hearings on September 11, 2003, and November 13, 2003,

to request continuances of those hearings, counsel appeared on behalf of Berman only; no one purported to represent CCA. (R.R. at 81a, 87a–88a.)

9. We note that, even in the absence of the trial court's order, the City would have been required to serve original process on CCA. *See Sharp;* Pa. R.C.P. No. 402.

the person for the time being in charge thereof.

(b) In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate document. . . .

Pa. R.C.P. No. 402(a) and (b) (emphasis added).

The plain language of Pa. R.C.P. No. 402(a)(1) requires that the *defendant*, not the defendant's attorney, be *handed* a copy. However, the Affidavit of Service itself demonstrates that service was effected by *mailing* a copy of the Amended Complaint to *Weaver* on July 10, 2003.[10] (R.R. at 207a.) Thus, service did not conform to the Pennsylvania Rules of Civil Procedure.

Moreover, we note that Pa. R.C.P. No. 402(b) contemplates that where service of original process will be made on an authorized agent such as an attorney, the attorney must have express authority to accept such service, which authority will be evidenced by filing a separate document. This is consistent with our case law which states,

"an attorney may not, without express authority, accept or waive service of original process by which jurisdiction of the court over the person of the client is first established." Thus, as all courts acknowledge, where a lawyer has been served with process but does not have express authority to accept the same on behalf of his client, the court lacks juris-

diction to act against the person of the client.

*U.K. LaSalle, Inc.* 618 A.2d at 450 (quoting 7 Am.Jur.2d, Attorneys at Law, § 146) (citation omitted). Here, there is no evidence that Weaver had express authority from CCA to accept service on CCA's behalf or to accept service by mail. Indeed, there was no "separate document" filed as required by Pa. R.C.P. No. 402(b). Thus, service by *mail* on *Weaver* was not valid service of original process on CCA.

■ Accordingly, we agree that the trial court lacked jurisdiction over CCA and was powerless to enter judgment against it. *See U.K. LaSalle.* For this reason, we vacate the judgment against CCA and remand the matter to the trial court for it to allow the City to make proper service of original process on CCA.[11]

### Right to File an Answer to Amended Complaint

■ Appellants also argue that the trial court erred in ordering a final hearing immediately after overruling Appellants' preliminary objections. Appellants maintain that they had an absolute right to plead over after their preliminary objections were dismissed and that, by holding the hearing on January 8, 2004, the trial court denied Appellants a chance to file an answer or raise affirmative defenses. Because we have already determined that, with respect to CCA, the judgment must be vacated and this matter must be remanded, we will limit our discussion on this issue to Berman.

---

**10.** We note that the City's counsel's contrary statement, that she handed a copy of the Amended Complaint to Weaver at the September 11, 2003, hearing, is not testimony and, therefore, is not evidence.

**11.** In their preliminary objections and at the hearings of May 22, 2003, and January 8, 2004, Appellants contended that Berman was an improper party. (R.R. at 49a, N.T. at 18; R.R. at 98a, 117–18.) Appellants also raise

this issue in their Statement of Questions Presented and Summary of Argument portions of their brief. However, because Appellants fail to develop this issue in the Argument portion of their brief, they have waived this issue, and we will not address it. *See Singer v. Bureau of Professional and Occupational Affairs, State Board of Psychology,* 159 Pa.Cmwlth. 385, 633 A.2d 246 (1993); Pa. R.A.P. 2119.

Pa. R.C.P. No. 1028(d) provides that "[i]f the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty (20) days after notice of the order or within such other time as the court shall fix." "[T]he cases that have construed this rule have held uniformly that a defendant's right to file an answer is absolute." *Delaware County Solid Waste Authority v. Township of Earl, Berks County,* 112 Pa. Cmwlth. 76, 535 A.2d 225, 227 (1987), *appeal denied,* 518 Pa. 652, 544 A.2d 963 (1988); *see also Department of Public Welfare v. Joyce,* 128 Pa.Cmwlth. 341, 563 A.2d 590 (1989) (stating that a defendant's right to file an answer is absolute.) Thus, where preliminary objections are overruled or dismissed, for whatever reason, the objecting party has a period of twenty days, or such other period as the court may direct, within which to file a responsive pleading. *Delaware County Solid Waste Authority.* Here, the trial court's failure to permit Berman to exercise his right to file an answer after his preliminary objections were overruled was error. Accordingly, the judgment also is vacated with respect to Berman, and this matter is remanded to the trial court to issue an order permitting Berman to file an answer within a specified time period.

### ORDER

AND NOW, this 14th day of December, 2004, the order of the Court of Common Pleas of Philadelphia County (trial court), dated March 1, 2004, and docketed March 17, 2004, is hereby vacated, and this matter is remanded to the trial court for proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.