# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gina Hobbs,              :
           Petitioner      :
                  :
       v.                :   No. 1113 C.D. 2015
                  :
Unemployment Compensation  :
Board of Review,          :
          Respondent    :
                  :
Gina E. Hobbs,           :
           Petitioner      :
                  :
       v.                :   No. 1114 C.D. 2015
                  :   Submitted: January 15, 2016
Unemployment Compensation  :
Board of Review,          :
          Respondent    :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED: March 15, 2016**

Gina Hobbs (Claimant), *pro se*, petitions for review of two orders of the Unemployment Compensation Board of Review (Board). The Board affirmed an Unemployment Compensation Referee's (Referee) decisions, in which the Referee concluded that Claimant's appeals of two determinations of the Philadelphia UC Service Center (Service Center) were untimely. We now affirm.

Claimant applied for and received unemployment compensation benefits in 2010 and 2011. On November 17, 2011, the Service Center issued a

determination denying Claimant unemployment compensation benefits for the weeks ending January 9, 2010, through February 6, 2010, and February 13, 2010, through February 27, 2010, pursuant to Sections 4(u), 401, and 404(d) of the Unemployment Compensation Law (Law).[1] (Certified Record (C.R.), Item No. 1.) The Service Center assessed a fault overpayment of $1,296,[2] ten penalty weeks,[3] and a Federal Additional Compensation (FAC) overpayment of $200.[4] (C.R., Item Nos. 1, 6.) On November 18, 2011, the Service Center issued another determination denying Claimant benefits for the weeks ending January 1, 2011, through February 26, 2011, March 5, 2011, through April 9, 2011, April 16, 2011, through May 14, 2011, and May 21, 2011, through June 25, 2011, pursuant to Sections 4(u), 401, and 404(d) of the Law. (C.R., Item No. 16.) The Service Center assessed a fault overpayment of $3,000. (*Id.*) Claimant found employment in 2012, but in 2015, Claimant became unemployed and filed again for unemployment compensation benefits. (C.R., Item No. 1.) Claimant was granted

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 753(u), 801, and 804(d).

[2] Section 804 of the Law provides that a claimant who, by reason of fault, receives unemployment compensation benefits to which the claimant is not entitled must repay the amount he or she received with interest.

[3] Pursuant to Section 801(b) of the Law, a claimant who "makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation" may be disqualified from receiving unemployment compensation benefits for a number of weeks, known as "penalty weeks."

[4] Section 2002(f) of Division B, Title II (Assistance for Unemployed Workers and Struggling Families Act) of the American Recovery and Reinvestment Act of 2009, P.L. No. 111–5, 123 Stat. 115 (2009) (ARRA), provides eligible claimants with an additional $25 per week in benefits. Overpayments of these benefits are recoupable in the same manner as overpayments under the Emergency Unemployment Compensation Act of 2008, P.L. 110–252, 122 Stat. 2323, Section 4001, 26 U.S.C. § 3304 note.

benefits, but Claimant's benefits were reduced and ultimately eliminated as a result of the overpayments assessed in 2011. (C.R., Item Nos. 1, 16.)

On March 5, 2015, Claimant appealed the Service Center's November 17, 2011, and November 18, 2011 determinations.[5] A Referee conducted a hearing, and Claimant testified that she was appealing the 2011 determinations due to the reduction of her benefits in 2015. (C.R., Item No. 9 at 6-7.) Claimant explained that she was unaware of the overpayments, because she did not receive notice of the determinations. (C.R., Item No. 9 at 5.) Claimant further testified that she did receive one determination assessing an overpayment, but she appealed that determination in 2011. (C.R., Item No. 9 at 10-11.) The Referee issued two decisions, both of which dismissed Claimant's appeals as untimely, because Claimant did not appeal within the 15-day period following her receipt of notice of the determinations as required by Section 501(e) of the Law.[6] (C.R., Item Nos. 11, 21.)

Claimant appealed to the Board, which affirmed the Referee's decisions. The Board concluded that Claimant failed to appeal from the Service Center's 2011 determinations prior to the expiration of the 15-day appeal period, and Claimant's appeals were, therefore, untimely. The Board explained that although Claimant testified that she did not receive the Service Center's determinations, it did "not credit . . . [C]laimant's testimony given the four year

---

[5] The determinations as to Claimant's fault overpayments are not in the certified record, because Claimant's file was purged after two years pursuant to 34 Pa. Code § 101.54. The determinations are, however, memorialized in the claim record. (C.R., Item Nos. 1, 16.)

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

3

time difference and the fact that . . . [C]laimant was apparently confusing the 2011 determinations with her 2015 application for benefits." (C.R., Item Nos. 15 at 2, 24 at 2.) Further, although a Referee did modify an overpayment from fault to non-fault in 2011, no such modification occurred as to the weeks at issue in Claimant's appeal—namely, January 9, 2010, through February 27, 2010, and January 1, 2011, through June 25, 2011. (*Id.*) Accordingly, the Board dismissed Claimant's petitions for appeal. Claimant now petitions this Court for review of the Board's orders.[7]

On appeal,[8] Claimant contends that her appeals of the Service Center's November 17, 2011, and November 18, 2011 determinations were timely.[9] Claimant appears to take issue with the reduction of her benefits in 2015

---

[7] Claimant filed separate petitions for review for each of the Board's orders. By order dated September 1, 2015, this Court consolidated Claimant's petitions.

[8] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[9] In her statement of questions presented, Claimant presents the following issues for our review: (1) "[W]hy Unemployment will not open my claim"; (2) "[W]hy didn't 1/3 of the money coming out of the checks [sic]"; (3) "[W]hy take the whole check"; and (4) "[W]hy Unemploy [sic] do not record my payments I maded [sic]." (Claimant's Br., Statement of Questions Presented.) Claimant, however, does not address these questions in the argument section of her brief. Rather, Claimant simply contends that her appeals were timely. The issues raised in Claimant's statement of questions presented are, therefore, waived. *See City of Phila. v. Berman*, 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004) (concluding that issues raised in statement of questions presented but not developed in argument portion of brief were waived).

Even if these issues were not waived, Claimant would not prevail. As to the reduction of Claimant's unemployment compensation benefits to offset her fault overpayment, we note that Section 804(a) of the Law provides that when a fault overpayment is assessed, it may be recouped from future unemployment compensation benefits. A claimant may also be liable for interest assessed on the fault overpayment. Section 804(a) of the Law. Unlike non-fault **(Footnote continued on next page…)**

4

as a result of the 2011 determinations. In her brief, however, Claimant provides no justification for filing her appeals over three years after the determinations were issued. Rather, Claimant simply contends that her appeals were "not late." (Claimant's Br., Argument.)

When a claimant has received notice of a determination as to his or her eligibility for benefits, the claimant must appeal the determination "within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address." Section 501(e) of the Law. "[T]he fifteen-day time limit for filing an appeal from a Department determination is mandatory." *Suber v. Unemployment Comp. Bd. of Review*, 126 A.3d 410, 412 (Pa. Cmwlth. 2015). A claimant may, however, be permitted to file an appeal *nunc pro tunc* "when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent

---

**(continued…)**

overpayments, *see* Section 804(b)(1)(i) of the Law (limiting recoupment of non-fault overpayment to one-third of weekly benefit amount), there is no statutory limit to how much the Department of Labor and Industry (Department) may deduct from a claimant's weekly benefits to offset fault overpayments. Section 804(a) of the Law. The fault overpayment and interest may be recouped for a period "of ten years following the end of the benefit year with respect to which the sum was paid." Section 801(c) of the Law. The reduction of Claimant's benefits in 2015 to recoup the fault overpayments assessed in 2011 does not constitute error, as the Service Center was entitled to reduce Claimant's benefits to offset her overpayments and the reduction occurred well within the statutory ten-year period for recoupment. We, therefore, reject Claimant's argument as to the reduction of her benefits. As to Claimant's argument that she made payments to offset the amount of her fault overpayment, we note that Claimant was liable for multiple overpayments: (1) a $200 FAC overpayment; (2) a $1,296 fault overpayment; and (3) a $3,000 fault overpayment. Although the claim record demonstrates that Claimant made payments, she had not repaid the total balance for all of her overpayments. We, therefore, reject Claimant's argument as to her payments.

5

conduct, either by a third party or by the [claimant]." *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008).

Here, Claimant filed her appeals of the November 17, 2011, and November 18, 2011 determinations on March 5, 2015. This is well outside the 15-day statutory time limit for the filing of appeals, and Claimant's appeals are thus untimely as a matter of law. Further, the Board found that Claimant was not misinformed or misled as to her appeal rights. This finding is conclusive on appeal, as Claimant has not specifically challenged it. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Claimant, therefore, did not establish her right to *nunc pro tunc* relief. Thus, because the Board did not err in dismissing Claimant's appeal as untimely, we reject Claimant's argument.

Accordingly, we affirm the Board's orders.

_____
P. KEVIN BROBSON, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gina Hobbs,                         :

             Petitioner     :

                             :

        v.                 :   No. 1113 C.D. 2015

                             :

Unemployment Compensation    :

Board of Review,                :

             Respondent  :

                             :

Gina E. Hobbs,                   :

             Petitioner     :

                             :

        v.                 :   No. 1114 C.D. 2015

                             :

Unemployment Compensation    :

Board of Review,                :

             Respondent  :

## **O R D E R**

AND NOW, this 15th day of March, 2016, the orders of the Unemployment Compensation Board of Review, docketed at B-EUC-15-09-I-0381 and B-15-09-I-0398, are hereby AFFIRMED.

 

 

                                   _____

                                   P. KEVIN BROBSON, Judge