# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 397 C.D. 2019 |
| | : | Submitted: January 17, 2020 |
| George T. Wake Inc. and | : | |
| George T. Wake | : | |
| | : | |
| Unequechic Salon & Boutique LLC, | : | |
| Yolana Rice a/k/a Yolanda Monique | : | |
| Rice, and Lamar Savior t/a Effortless | : | |
| Cuts & Curls | : | |
| | : | |
| Appeal of: Unequechic Salon & | : | |
| Boutique LLC and Yolana Rice | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge[1]
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                          **FILED:  March 12, 2021**

Yolana Rice a/k/a Yolanda Monique Rice and Unequechic Salon & Boutique, LLC (Appellants)[2] appeal from the order of the Court of Common Pleas of Philadelphia County (trial court), denying Appellants' "Petition to Vacate Order of Judgment" (Petition), which sought to open or strike a default judgment entered in

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

[2] Appellant Rice is the owner of Appellant Unequechic Salon & Boutique, LLC.

favor of the City of Philadelphia (City).[3]  We now vacate the trial court's order and remand the matter.

## I. BACKGROUND

On October 2, 2018, Appellants filed the subject Petition, averring, in part, that Appellants became owners of property located at 246 South 52nd Street in Philadelphia (Property) in 2018.[4]  (Reproduced Record (R.R.) at 118A.)  As to the City, Appellants averred that, on January 25, 2018, the City filed a writ of *scire facias* against the Property in the amount of $678,873.80 for taxes owed by George Wake, Inc. and George Wake (collectively Wake), and, on February 25, 2018, the City filed a motion for judgment to proceed with a sheriff sale of the Property.  (*Id.*)  As to these actions by the City, Appellants averred that the City failed to give them notice of the claims or filings.  (*Id.*)  Appellants further averred that, on May 5, 2018, the City filed a writ of execution against Appellants, as garnishees, seeking to garnish the lien amount plus interest.[5]  (R.R. at 118A.)  As to a writ of execution and an entry of judgment filed by default, entered on July 11, 2018, Appellants averred that Appellant Rice was not personally served

---

[3] The Superior Court transferred this matter to this Court on February 21, 2019.  By order dated January 13, 2020, the Court precluded appellees from filing briefs in this matter due to their failure to comply with earlier orders directing the filing of briefs.

[4] The Petition does not provide any further information regarding the purchase, including the date of the purchase.

[5] The record includes copies of the praecipe for writ of execution, writ of execution, and other related documents.  (R.R. at 3A-17A.)  The praecipe requests the prothonotary to issue the writ against Wake, as defendants; Appellants, as garnishees, due to their tenancy or occupancy of the Property; and Lamar Savior t/a Effortless Cuts & Curls, as garnishee, due to his tenancy or occupancy of another property located at 248 South 52nd Street, Philadelphia.  (R.R. at 5A-6A.)  The praecipe directs the prothonotary to cause the writ to be served on Wake and the garnishees and indexed in the judgment index against the defendants.  (*Id.*)  It sets forth the judgment, as of August 7, 2008, as $1,075,708.08, which includes the original lien amount plus interest in the amount of $396,834.28.  (*Id.*)

2

with the writ, Appellants have a meritorious defense, the writ improperly subjected the Property to the debts of Wake, and Appellants have no business association with Wake and/or liability for the debts of Wake. (R.R. at 119A.) Additionally, Appellants averred that they "never received any documents regarding the matter until after a hearing conducted on August 29, 2018, upon [Appellant] Rice returning from a previously paid vacation out of town after August 29, 2018." (*Id.*)

The City answered the Petition. (R.R. at 130A-218A.) As to the origination of the lien, the City averred that, on July 10, 2008, the City filed a self-assessed tax lien (SATL) pursuant to the Self-Assessed Tax Lien Act, Act of December 1, 1959, P.L. 1673, *as amended*, 53 P.S. §§ 7501-7505, which was a lien against all real estate in Philadelphia County titled to George Wake and/or in which he had an interest, including, but not limited to, the Property.[6] (R.R. at 131A-132A.) Pertinent to Appellants' involvement in this matter, the City averred that Appellants did not become parties of record in the underlying matter before the trial court until May 3, 2018, when the City caused the issuance of the writ of execution against them, and Appellants did not acquire title to the Property until delivery of a deed from George Wake to Yolanda Rice, dated May 24, 2018, and recorded on July 18, 2018.[7] (R.R. at 132A.) The City also averred that, prior to May 24, 2018, Appellants had both actual and constructive notice of the SATL filed against George Wake. (*Id.*)

With regard to service, the City averred that service of the writ of execution was made on the person in charge of Appellants' office or usual place of business at

---

[6] In the answer, the City stated that it filed the SATL on July 10, 2018, but it appears that the reference to the year 2018 (rather than 2008) was a typographical error. Furthermore, we note that the City initiated the underlying action against Wake in the trial court in 2008.

[7] The City attached a copy of the recorded deed to its answer. (R.R. at 157A-160A.)

3

the Property on May 10, 2018; the City attached to its answer a copy of the sheriff's return of service, which indicated that the sheriff's office served the writ on that date on Michael Upsure at the Property.[8] (R.R. at 133A, 163A.) The City also averred that it served on Appellants (via First-Class Mail) interrogatories in attachment and a notice of intention to enter judgment by default on May 15, 2018, and June 26, 2018, respectively; the City attached those documents to its answer as well. (R.R. at 133A-134A, 180A-191A, 198A-199A.) Following Appellants' failure to respond to the interrogatories and notice, the trial court entered judgment against Appellants, as defaulting garnishees, on July 11, 2018. (R.R. at 28A.) The City averred that, between July 11, 2018, and August 31, 2018, Appellants were served with the praecipe for judgment by default, a motion to assess damages against defaulting garnishees, a rule to show cause why the motion to assess damages should not be granted, notice of the rule, an affidavit of service, and notice of a hearing on the motion for damages.[9] (R.R. at 133A-135A). The City further averred in its answer that, with regard to the hearing on the motion for damages, Appellant Rice requested Wake (or possibly Appellants' counsel) to advise the trial court that Appellant Rice would not be attending and to seek a continuance on her behalf. (R.R. at 135A.)

Finally, as to Appellants' averments concerning the lack of a business association between Appellants and Wake, the City pointed to Appellants' occupancy of the Property owned by Wake and then Appellants taking title to the

---

[8] Appellants argued in their memorandum of law to the trial court that "Michael Upsure" did not serve as their agent. (R.R. at 120A.)

[9] The City also averred that it had urged Appellants to secure legal counsel and believed that Appellant Rice consulted with counsel between May 10, 2018, and August 30, 2018. (R.R. at 135A.)

4

Property on May 24, 2018, for the record sum of $30,000.00, which the City believes to be less than the actual consideration exchanged for the Property. (R.R. at 136A-137A.)

By order dated December 6, 2018, the trial court denied Appellants' Petition. (R.R. at 226A.) This appeal followed, and the trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b) (Rule 1925(b) Statement), which Appellants timely filed. In their Rule 1925(b) Statement, Appellants recite the procedural history, including that Appellant "Rice did not receive personal service but instead an individual at the alleged business was served." (Original Record (O.R.), Rule 1925(b) Statement.) Following the procedural history, Appellants identified the following issue for appeal: Whether the "[t]rial court improperly denied [Appellants'] Motion to Open a Default Judgment which was timely filed and satisfies the requirements as set forth in Pa. R.C.P. [No.] 237.3."[10]

---

[10] As a preliminary matter, the trial court noted inconsistencies with regard to Appellants' characterization of the Petition, observing that at times Appellants sought to vacate, strike, or re-open the judgment by default. The trial court wrote:

> [T]his Court is unaware of the specific type of motion or petition that Appellant[s] intended to file, and[,] therefore, which rule Appellant[s] claim[] [the trial court] should have applied, especially considering Appellant[s'] vague [Rule] 1925 Statement. On October 2, 2018, Appellant[s] filed a "Petition to Vacate Order of Judgment[,"] but also referred to it as a "Petition to Strike Default Judgment or Re-Open Judgment[;"] however, the filing was docketed as a "Petition to Open Judgment" by the Office of Judicial Records. In Appellant[s'] January 29, 2019[] [Rule] 1925(b) Statement, the October 2, 2018[] Petition is referred to as both a petition and a motion to open default judgment, but not a petition to strike. Under Pennsylvania jurisprudence[,] a petition to strike judgment and a petition to open judgment are separate remedies. *Manor Bldg. Corp. v. Manor Complex Assocs., Ltd.*, 645 A.2d 843, 845 n.2 (Pa. Super. 1994). Therefore, any distinction between the two is important.

(R.R. at 229A-230A.)

In its Rule 1925(a) opinion, the trial court addressed the issue presented, concluding that Appellants' Petition did not comply with Pa. R.C.P. No. 237.3 nor did it satisfy the three-prong test for opening a default judgment.[11] With regard to the test for opening a default judgment, the trial court reasoned: "Appellant[s] did not timely file the petition to open, coming eighty three (83) days after the entry of judgment; (2) Appellant[s] [have] not raised any meritorious defense; and (3) Appellant[s] cannot provide a reasonable excuse or explanation for the failure to respond[,] because . . . service was proper under Pa. R.C.P. [No.] 402(a)(2)(iii)." (R.R. at 232A.)

---

[11] Pa. R.C.P. No. 237.3, pertaining to relief from judgment of *non pros* or by default, provides:

> (a) A petition for relief from a judgment of *non pros* or by default entered pursuant to Rule 237.1[, pertaining to notice of praecipe for entry of judgment of *non pros* for failure to file complaint or by default for failure to plead,] shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file. All grounds for relief shall be raised in a single petition.

> (b)(1) If the petition is filed within ten days after the entry of a judgment of *non pros* on the docket, the court shall open the judgment if the proposed complaint states a meritorious cause of action.

> (2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

The note to Pa. R.C.P. No. 237.3 provides that the rule "requires the prothonotary to give notice of the entry of any judgment and to note in the docket the giving of the notice." We note that, in the matter now before the Court, the Petition was not filed within ten days after the entry of a judgment. Furthermore, Appellants appear to have abandoned their reliance on Pa. R.C.P. No. 237.3 on appeal, so we will not address it further.

## II. ISSUES

On appeal,[12] Appellants argue that the trial court erred in concluding that the Petition was untimely filed. Appellants also argue that the trial court erred in concluding that they lacked a justifiable excuse for the delay in filing a responsive pleading to the writ of execution. Appellants' arguments consider the issues as if they filed a petition to open a judgment by default, as opposed to a petition to strike.

## III. DISCUSSION

When reviewing a trial court's disposition of a petition to open a default judgment, this Court must examine the entire record to determine whether the trial court committed a manifest abuse of discretion or an error of law. *Easton Condo. Ass'n, Inc. v. Nash*, 127 A.3d 856, 858 n.4 (Pa. Cmwlth. 2015). The party seeking to open a default judgment must establish three elements: (1) the petition to open must be promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. *McCoy v. Pub. Acceptance Corp.*, 305 A.2d 698, 700 (Pa. 1973). Failure to satisfy any one element will result in the petition to open default judgment being denied. *Id.* "[T]he trial court cannot open a default judgment based on the 'equities' of the case when [the defendant] has failed to establish all three of the required criteria." *Seeger v. First Union Nat'l Bank*, 836 A.2d 163, 167 (Pa. Super. 2003) (some internal quotation marks omitted).

As to the first requirement, "[t]he timeliness of a petition to open judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a

---

[12] This Court's standard of review for a trial court's refusal to open a default judgment is whether the trial court abused its discretion or committed an error of law. *Castings Condo. Ass'n, Inc. v. Klein*, 663 A.2d 220, 223 (Pa. Super. 1995). "[W]here the equities warrant opening a default judgment, [an appellate court] will not hesitate to find an abuse of discretion." *Id.* (quoting *Duckson v. Wee Wheelers, Inc.*, 620 A.2d, 1206, 1209 (Pa. Super. 1993)).

judgment must be filed to qualify as timely." *Castings Condo. Ass'n*, 663 A.2d at 223 (internal citation omitted). "[T]he court must consider the length of time between *discovery* of entry of the default judgment and the reason for delay." *U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028 (Pa. Super. 2017) (emphasis added) (citing *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009)).

"In cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month." *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 995 (Pa. Super. 2009) (holding 82-day delay between notice of default judgment and petition to open default judgment did not constitute prompt filing); *see also Pappas v. Stefan*, 304 A.2d 143, 146 (Pa. 1973) (holding 55-day delay between notice of default judgment and petition to open default judgment did not constitute prompt filing); *Am. Vending Co. v. Brewington*, 432 A.2d 1032, 1036 (Pa. Super. 1981) (holding two and one-half-month delay between when defendants notified of default judgment and petition to open default judgment did not constitute prompt filing); *Schutte v. Valley Bargain Ctr., Inc.*, 375 A.2d 368, 371 (Pa. Super. 1977) (holding 47-day delay between resolution of confusion regarding claims and petition to open default judgment did not constitute prompt filing); *cf. Alba v. Urology Assocs. of Kingston*, 598 A.2d 57, 58 (Pa. Super. 1991) (holding petition to open default judgment filed 14 days after default judgment entered constituted prompt filing).

As to the remaining requirements to open a default judgment, a petitioner must establish a justifiable excuse in the delay of filing a responsive pleading leading to the default. *Alba*, 598 A.2d at 58. "Whether an excuse is legitimate is not easily

8

answered and depends upon the specific circumstances of the case." *Castings Condo. Ass'n*, 663 A.2d at 223-24. The petitioner "must [also] plead an arguable meritorious defense sufficient to justify relief if proven." *Id.* at 224.

## A. Timeliness of Petition

Appellants argue the trial court abused its discretion and committed an error of law when it determined that Appellants did not promptly file their petition to open the default judgment. Specifically, they contend that they did not discover the entry of the default judgment against the Property until September 26, 2018, when Appellant Rice attended a hearing.[13]

In the matter before us, the trial court determined that 83 days elapsed between when the notice of entry of default judgment was filed on July 11, 2018, and when Appellants filed the Petition on October 2, 2018. Appellants submit, however, that they learned of the entry of the default judgment on September 26, 2018—only seven days before they filed the Petition.[14] The trial court, however, without conducting a hearing to resolve the factual dispute as to when Appellants received notice of the default judgment, appears to have disregarded Appellants' assertions that they did not receive earlier notice of the default judgment and measured the time solely from the date of the entry of the judgment until the filing of the Petition, ultimately concluding that the 83-day delay resulted in the filing not being a "prompt" filing. Such an analysis is not consistent with the case law discussed above, which requires consideration of when Appellants discovered the filing of the entry of default

---

[13] Although the reason for Appellant Rice's appearance at the hearing is unclear, she may have attended the hearing in her capacity as a garnishee.

[14] Appellants assert that the duration of time was seven days, but the number of days between September 26, 2018, and October 2, 2018, is actually six days. The difference of one day does not change the outcome of our decision in this case.

9

judgment. Thus, we must conclude that the trial court erred in failing to consider the time between *discovery* of the entry of judgment and the filing of the Petition when determining whether the Petition was timely. A remand for a hearing to resolve factual disputes regarding Appellants' discovery of the entry of default judgment, therefore, is necessary.

## B. Justifiable Excuse for Delay

Appellants also argue that the trial court erred in concluding that they lacked a justifiable excuse for the delay in filing a responsive pleading to the writ of execution. Appellants contend that their delay in responding to the writ of execution was based upon the City's failure to comply with the rules of service of original process according to Pa. R.C.P. Nos. 402 and 424. (Appellants' Br. at 12.) Thus, a remand is also necessary to resolve factual disputes regarding the authority of Michael Upsure to accept service on behalf of Appellants and to consider whether Appellants established a justifiable excuse.

Furthermore, we would be remiss if we did not note that, where the party seeking to open a judgment asserts that service was improper, a court must address this issue before considering any other factors. *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 919 (Pa. 1997) (citations omitted). "If valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her."[15] *Id.*

___

[15] Service of process, absent a party's consent or waiver of service of process, is the mechanism by which a court obtains jurisdiction over a defendant. *City of Phila. v. Berman*, 863 A.2d 156, 160 (Pa. Cmwlth. 2004). "The rules relating to service of process must be strictly followed . . . [and] [p]roper service is not presumed; rather, the return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure." *Id*.

A writ of execution "shall be served by the sheriff upon the garnishee in the manner prescribed by Rule 402(a) except as otherwise provided by Rules 3112 and 3113."[16] Pa. R.C.P. No. 3111(a). "Original process may be served[:] (1) by handing a copy to the defendant; or (2) by handing a copy . . . (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R.C.P. No. 402(a). The "person for the time being in charge" of any office or usual place of business of the defendants, for purposes of Pa. R.C.P. No. 402(a), must either be: (1) an individual with some direct connection to the party to be served; or (2) one whom the process server determines to be authorized on the basis of her representation of authority, as evidenced by the affidavit of service. *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 486 (3d Cir. 1993).[17] The person should either "derive or appear to derive authority from the party upon whom service is attempted." *Id.* Similarly, service of original process upon a corporation can be made by handing a copy to "the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity," provided the person served is not a plaintiff in the action. Pa. R.C.P. No. 424(2). When determining the propriety of service under

---

[16] Pa. R.C.P. No. 3112 concerns service of "the writ against real property of the defendant, title to which is recorded in the name of a third party, by serving the third party as garnishee and noting upon the writ a description of the real property and a statement that the sheriff has levied upon defendant's interest therein." Pa. R.C.P. No. 3113 provides that "[i]n execution against a lien upon real property created under a mortgage, judgment or otherwise, if the garnishee cannot be served as provided in Rule 3111(a), service shall be made in the manner provided by Rule 3112." Neither Pa. R.C.P. No. 3112 (at the time of the original service of process of the writ of execution) nor Pa. R.C.P. No. 3113 are applicable to the issues before the Court in this case.

[17] Though this Court is not bound by decisions of federal district courts, federal circuit courts, or the courts of other states, we may cite such decisions when they have persuasive value. *Desher v. Se. Pa. Transp. Auth.*, 212 A.3d 1179, 1186 n.7 (Pa. Cmwlth. 2019).

Pa. R.C.P. No. 424(2), the focus must be on the identity of the individual served. *Trzcinski v. Prudential Prop. & Cas. Ins. Co.*, 597 A.2d 687, 689 (Pa. Super. 1991).[18]

The Philadelphia Sheriff's Office filed two return of service forms with the prothonotary in this case identifying "Michael Upsure" as the "[a]gent or person in charge of the [p]arty's office or usual place of business."[19] (R.R. at 18A, 19A.) Generally, "[a] sheriff's return setting forth that original process was served is conclusive and immune from attack as to the facts stated therein of which the sheriff presumptively has personal knowledge." *In re Monroe Cnty. Tax Claim Bureau*, 91 A.3d 265, 272 (Pa. Cmwlth. 2014). Conversely, "whether service was made on an agent or person-in-charge can be challenged because most of the facts regarding the nature of the responsibilities of the person served are not within the sheriff's personal knowledge." *Id.* If a party wishes to challenge the sheriff's return on this basis, extraneous evidence can be used to challenge the return. *Id.*

## IV. CONCLUSION

For the reasons discussed above, we vacate the trial court's order denying the Petition, and we remand this matter for an evidentiary hearing and issuance of a new decision and order.

P. KEVIN BROBSON, Judge

---

[18] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[19] The sheriff or other person making service shall make a return of service which "shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made." Pa. R.C.P. No. 405(a)-(b). "The return of service or of no service shall be filed with the prothonotary." Pa. R.C.P. No. 405(e).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                          :
                                              :
          v.                                  :     No. 397 C.D. 2019
                                              :
George T. Wake Inc. and                       :
George T. Wake                                :
                                              :
Unequechic Salon & Boutique LLC,              :
Yolana Rice a/k/a Yolanda Monique             :
Rice, and Lamar Savior t/a Effortless         :
Cuts & Curls                                  :
                                              :
Appeal of: Unequechic Salon &                 :
Boutique LLC and Yolana Rice                  :

# **O R D E R**

AND NOW, this 12th day of March, 2021, the order of the Court of Common Pleas of Philadelphia County (trial court), denying Appellants' "Petition to Vacate Order of Judgment," is hereby VACATED, and the matter is remanded to the trial court for further proceedings consistent with the attached Opinion.

Jurisdiction relinquished.

 

 

_____
P. KEVIN BROBSON, Judge