**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1450
_____

JAMES M. SINGER,
                                        Appellant

v.

DAVID HECKLER, Chairman of the Pennsylvania Child Protection Task Force
Including Members; PENNSYLVANIA CHILD PROTECTION TASK FORCE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-01598)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 10, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 20, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

James Singer appeals pro se from (1) the District Court's December 16, 2015 order dismissing his amended civil rights complaint, and (2) the District Court's February 2, 2016 order denying his post-judgment motions. For the reasons that follow, we will affirm both orders.

I.

Because we write primarily for the parties, we discuss the background of this case only briefly. In 1992, Pennsylvania's State Board of Psychology ("the Board") suspended indefinitely Singer's license to practice psychology within the Commonwealth. Although it appears that the Board based this suspension on misconduct primarily relating to Singer's billing practices, see Singer v. Bureau of Prof'l & Occupational Affairs, State Bd. of Psychology, 633 A.2d 246, 247 (Pa. Commw. Ct. 1993), he has steadfastly believed that the suspension was actually imposed in retaliation for one or more reports that he had made about suspected child abuse. Between 1994 and 2013, Singer filed seven federal lawsuits relating to his suspension, seeking relief against a host of entities and individuals. Each of those lawsuits was unsuccessful.

Undeterred, in 2014, Singer filed an eighth federal lawsuit relating to his suspension. A few months after initiating this pro se action, he filed an amended complaint, naming the Pennsylvania Child Protection Task Force ("the Task Force") and its chairman, David Heckler, as defendants. The Task Force was created by the Pennsylvania legislature in December 2011 to "conduct a thorough and comprehensive review" in order to "ascertain any inadequacies relating to the mandatory reporting of

2

child abuse" and "restore public confidence in the ability of the Commonwealth to protect the victims of child abuse." S. Res. 250, 195th Gen. Assemb., Reg. Sess. (Pa. 2011); H.R. Res. 522, 195th Gen. Assemb., Reg. Sess. (Pa. 2011). In November 2012, the Task Force submitted a final report to the Governor of Pennsylvania and the Pennsylvania legislature, making certain policy and statutory recommendations.[1] Singer's amended complaint was not a model of clarity, but it appeared to revolve around allegations that his constitutional rights were violated because Heckler and the other members of the Task Force failed to address the retaliation that Singer allegedly faced after he reported the incidents of child abuse. In light of these allegations, Singer sought the reinstatement of his license, damages in excess of $2.7 million, and other relief.

The defendants moved to dismiss Singer's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the claims were time-barred. Singer opposed that motion and filed his own motion, seeking, inter alia, summary judgment and appointment of counsel. On December 16, 2015, the District Court entered an opinion and order addressing those motions. The District Court explained that, even if Singer's claims were not time-barred, they were "subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because they plainly fail to state any cognizable basis for relief." (Dist. Ct. Mem. Op. entered Dec. 16, 2015, at 10-11.) As a result, the District Court dismissed the amended complaint with prejudice pursuant to § 1915(e)(2)(B)(ii), denied

---

[1] Pursuant to the resolutions issued by the Pennsylvania legislature, the Task Force expired on December 31, 2012. See S. Res. 250, 195th Gen. Assemb., Reg. Sess. (Pa. 2011); H.R. Res. 522, 195th Gen. Assemb., Reg. Sess. (Pa. 2011).

Singer's motion for summary judgment and appointment of counsel, and denied the defendants' motion to dismiss as moot. Singer then timely moved the District Court to reconsider its order, and he also filed a motion seeking to reopen the case to add several new defendants. On February 2, 2016, the District Court denied those post-judgment motions. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Singer's amended complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and its denial of his motion for summary judgment, see Oliver v. Roquet, 858 F.3d 180, 187 (3d Cir. 2017). We review for abuse of discretion the District Court's denial of Singer's request for appointment of counsel, see Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997), as well as its denial of his post-judgment motions, see Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).[2]

We begin our analysis with the District Court's December 16, 2015 order. As the District Court explained in its accompanying opinion, it is clear that the Pennsylvania legislature "created the Task Force simply to conduct a study of the Commonwealth's laws and policies pertaining to the protection of children and to make recommendations about changes that could improve the effectiveness of those laws and policies." (Dist. Ct.

---

[2] To the extent that the District Court's denial of post-judgment relief relied on legal conclusions, we review those conclusions de novo. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

4

Mem. Op. entered Dec. 16, 2015, at 12.) It appears that "the most that the Task Force could have done for [Singer] is reference his case as a basis for recommending changes in the laws and policies pertaining to the reporting of suspected child abuse." (Id. at 12-13.) The District Court concluded that Singer "had no constitutionally protected interest in this respect, and the Task Force had no specific responsibilities or duties with respect to [him]. [Singer's] personal dissatisfaction with the defendants' efforts and recommendations simply does not translate into a violation of his constitutional rights." (Id. at 13.) We find no error in this conclusion, and therefore we agree with the District Court's decision to dismiss Singer's amended complaint under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.[3] Furthermore, in light of the appropriateness of that dismissal, we also agree with the District Court's decision to (1) deny Singer's motion for summary judgment and appointment of counsel,[4] and (2) deny as moot the defendants' motion to dismiss the amended complaint as time-barred.

We now turn to the District Court's February 2, 2016 order. A litigant seeking reconsideration of a district court's decision must rely on at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). The District Court

---

[3] We agree with the District Court that further amendment of Singer's claims against the defendants would be futile.

[4] Appointment of counsel is not warranted if the pro se litigant's case does not have arguable merit. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

concluded that none of these grounds was implicated in Singer's case. It also concluded that, to the extent that he sought other relief in his motion for reconsideration, such relief was not warranted. For substantially the reasons given by the District Court in the opinion accompanying its February 2 order, we find no error in these conclusions. Nor did the District Court err in denying Singer's motion to reopen the case to add several new defendants.[5]

In light of the above, we will affirm the two District Court orders at issue here.[6] Singer's request to appoint counsel on appeal is denied, see Tabron, 6 F.3d at 155, as are his requests to stay this appeal and to seal some of his appellate filings.[7] To the extent that Singer seeks any other relief from us relating to this appeal, that relief is denied, too.

---

[5] In denying reopening, the District Court stated that "[a]s master of his own pleading, [Singer] chose his defendants and the legal theory he wished to pursue. At this procedural juncture, there is no basis for allowing him to reopen the case, add new defendants, and broaden the scope of his claims." (Dist. Ct. Mem. Op. entered Feb. 2, 2016, at 9.) We find no error in this analysis, particularly given that Singer had already amended his complaint once before the case was dismissed.

[6] To the extent that Singer argues on appeal that the presiding district judge, the Honorable Joy Flowers Conti, should have recused herself, we find this argument unpersuasive. See 28 U.S.C. §§ 144, 455 (setting forth standards for recusal).

[7] "A motion to seal must explain the basis for sealing and specify the desired duration of the sealing order." 3d Cir. LAR Misc. 106.1(a). Singer does not explain why any of the documents filed in our Court need to be under seal, and we discern no reason for sealing them.