IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,              :
          Appellant       :
                              :
      v.                     :    No. 1615 C.D. 2018
                              :    SUBMITTED: April 12, 2019
Tax Claims Bureau, Director Stacy   :
Phile, in her Individual Capacity, the  :
Treasurer Dennis Adams, in his     :
Individual and Official Capacity and  :
Berks County Assessment Office    :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                 FILED: August 13, 2019

      Gilbert Martinez (Taxpayer) appeals *pro se* from the November 1, 2018 order of the Court of Common Pleas of Berks County (Trial Court) which sustained the Preliminary Objection (PO) of the Berks County (County) Tax Claims Bureau (Bureau), Stacy Phile, Director of the Bureau (Bureau Director), in her individual capacity, County Treasurer Dennis Adams (Treasurer), in his official and individual capacity, and the County Assessment Office (CAO) (collectively Appellees), and dismissed Taxpayer's complaint with prejudice. Taxpayer raises the following issues on appeal: 1) the Trial Court abused its discretion in sustaining Appellees' PO and dismissing Taxpayer's complaint with prejudice; 2) the Trial Court abused its discretion when it failed to dispose of Taxpayer's motions for injunctive relief and summary judgment; 3) the Trial Court abused its discretion in denying Taxpayer's motion for recusal; 4) Appellees' PO was untimely filed; and 5) the Trial Court's opinion was untimely filed. After careful review, we affirm the Trial Court.

# I. Background

Taxpayer is the owner of real property located at 1706 Cotton Street, Reading, Berks County, Pennsylvania (the Property). Original Record (O.R.), Item No. 10. On April 10, 2018, Taxpayer initiated a civil action naming Appellees as defendants and alleging they impermissibly denied his multiple requests for an exemption from the payment of property taxes related to the Property. O.R., Item No. 1. Taxpayer avers that on the basis of poverty and disability,[1] he is entitled to a property tax exemption under Article VIII, Section 2(b)(ii) of the Pennsylvania Constitution,[2] Section 301.1(b) of The Local Tax Enabling Act (LTEA),[3] and Section 304(d)(1) of the Tax Reform Code of 1971 (TRC).[4] Compl. ¶¶ 28-30, 32.

We summarize Taxpayer's pleading as follows. In November 2015, Taxpayer contacted the Bureau seeking relief from the payment of unpaid property taxes owed as "as a result of governmental wrongdoings." Compl. ¶ 4. The Bureau Director informed Taxpayer that exemptions were not permitted on the basis of disability or poverty. *Id.*, ¶ 5. Taxpayer was presented with the option of paying the taxes due through a standard payment plan or by means of a hardship program which would

---

[1] The nature of Taxpayer's disability is not identified in the original record filed with this Court.

[2] Article VIII, Section 2(b)(ii) of the Pennsylvania Constitution relevantly provides that the General Assembly may grant tax exempt status to persons for reasons of disability or poverty. Pa. Const. art. VIII, § 2(b)(ii).

[3] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. § 6924.301.1(b). Section 301.1(b) of the LTEA provides that a local taxing authority may exempt any person whose income is less than $12,000 annually from the per capita or similar head tax, occupation tax, or earned income tax.

[4] Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of March 13, 1974, P.L. 179, 72 P.S. § 7304(d)(1). Section 304(d)(1) of the TRC provides that an individual whose annual income is less than $6,500 is entitled to a refund of personal income tax paid.

2

spread his payments over a 24-month period. *Id.*, ¶ 7. As a result of the Bureau Director's alleged deceptive and misleading statements with regard to Taxpayer's entitlement to a tax exemption, Taxpayer was "maliciously forced" into the hardship program and payments made by him pursuant to that program deprived Taxpayer and his dependent of the "bare necessities of life." Compl. ¶¶ 6, 8-10.

In a March 23, 2018 notice from the Bureau, Taxpayer was warned that his failure to pay property taxes would result in the sale of the Property without Taxpayer's consent. Compl. ¶ 21. Thereafter, citing an inability to pay his property taxes caused by "tyrannical acts" of the federal government, Taxpayer filed with the Bureau an application for a tax refund, tax exemption, and tax forgiveness. Compl. ¶ 14. The Treasurer rejected this application without explanation. *Id.*, ¶ 16.

In April 2018, Taxpayer submitted a tax exemption application to the CAO. Compl. ¶ 24. The CAO required payment of a $100 filing fee. *Id.*, ¶ 25. The CAO's failure to waive payment of the filing fee constituted "condescending misconduct and discriminative practices" which prevented Taxpayer from exercising his appellate rights. *Id.*, ¶¶ 26-28.

On the basis of these averments, Taxpayer asserted three separate counts for violations of the Pennsylvania Constitution, the LTEA, and the TRC, as well as the

3

Sixth,[5] Seventh,[6] Eighth,[7] Ninth,[8] and Fourteenth[9] Amendments to the United States Constitution, and Sections 8430, 8431, and 8434 of the Local Taxpayers Bill of Rights Act (LTBRA).[10]  *Id.*, ¶¶ 28-32, 38-35.  Additionally, Taxpayer asserted a cause of action against Appellees for conspiracy to violate his rights under Sections 1981 and 1983 of the Civil Rights Act of 1964 (Civil Rights Act)[11] and 42 U.S.C. § 2000e,[12] all in contravention of 18 U.S.C. §§ 241-42.[13]  *Id.*, ¶¶ 34-37.  Taxpayer requested total punitive damages in the amount of $300,000 and a refund of property taxes paid in the years 2015-18.  *Id.* ¶¶ (a)-(c), (h).  Taxpayer further sought a

---

[5] U.S. Const. amend. VI.  The Sixth Amendment guarantees certain rights and protections, such as the right to trial by jury and the assistance of counsel, to an individual charged with a crime.

[6] U.S. Const. amend. VII.  The Seventh Amendment extends the right to trial by jury to federal civil actions.

[7] U.S. Const. amend. VIII.  The Eighth Amendment prohibits excessive bail.

[8] U.S. Const. amend. IX.  The Ninth Amendment provides that individuals have other rights not enumerated in the United States Constitution.

[9] U.S. Const. amend. XIV.  The Fourteenth Amendment in relevant part provides that no state shall deprive any person of life, liberty, or property without due process of law.

[10] 53 Pa.C.S. §§ 8430, 8431, 8434.  These statutory provisions generally establish the administrative tax appeals process and deadlines for the filing of petitions related to tax appeals.

[11] 42 U.S.C. §§ 1981, 1983.

[12] 42 U.S.C. § 2000e contains definitions for the Equal Employment Opportunities Act (EEOA).  42 U.S.C. §§ 2000e – 2000e-17.

[13] 18 U.S.C. § 241 makes it an offense to conspire to injure, oppress, threaten, or intimidate any person in the free exercise of any rights guaranteed under the United States Constitution or the laws of the United States.  18 U.S.C. § 242 prohibits the deprivation of such rights by anyone acting under color of law.

4

declaration from the Trial Court that he was exempt from the payment of property taxes, as well as injunctive relief in the form of a stay of the scheduled upset tax sale of the Property, and a demand that the Trial Court "[enjoin] [Appellees] from continuing to violate [Taxpayer's] rights and Local tax laws." *Id.*, ¶¶ (e)-(g).

Concurrent with his civil complaint, Taxpayer filed a motion for injunctive relief in which he alleged that, by denying his right to a property tax exemption, Appellees interfered with his "employment rights, right to [S]ocial Security disability, and right to cash assistance through the department of public welfare program for disabled persons." O.R., Item No. 1 at 1. On the basis of these alleged acts by Appellees, and Taxpayer's self-proclaimed poverty status, Taxpayer reiterated his demand that the Trial Court declare him exempt from the payment of property taxes and order a refund of any taxes paid in the years 2015-18. *Id.* at 5.

By agreement of the parties, the scheduled sale of the Property was stayed by order of the Trial Court dated August 23, 2018. O.R., Item No. 10. Service of Taxpayer's complaint was accomplished on September 17, 2018.[14] O.R., Item No. 18, Preliminary Objection, ¶ 4. Thereafter, on October 9, 2018, Appellees filed a PO in the nature of a demurrer, asserting Taxpayer's complaint was legally insufficient. *Id.*, ¶13. Appellees likewise objected to Taxpayer's motion for injunctive relief, arguing that Taxpayer failed to establish a right to the relief requested. O.R., Item No. 21 at 7.

Taxpayer filed a "Response to Strike [Appellees'] [PO] Pursuant to Pa.R.C.P. [No.] 1029 and Motion for Summary Judgment as a Matter of Law" on October 18, 2018, arguing that Appellees did not demonstrate how the complaint failed to state a cause of action. O.R., Item No. 20. Subsequently, on October 29, 2018, Taxpayer

---

[14] Appellees acknowledge having received notice of the complaint by "informal means" prior to the September 17, 2018 date of service. Preliminary Objections, ¶ 2.

filed a motion requesting recusal of the Trial Court judge assigned to hear his complaint, based on an allegation that the Trial Court judge engaged in ex parte communication with the Bureau Director and the County Solicitor and "prearranged" the stay of the Property's scheduled upset tax sale. O.R., Item No. 23, at 4.

The Trial Court denied the recusal motion on November 1, 2018. Appellees' PO was sustained, and Taxpayer's complaint dismissed with prejudice, the same day. This appeal followed.[15] The Trial Court issued its opinion pursuant to Pa.R.A.P. 1925(a) on February 5, 2019.

## II. Issues

Taxpayer raises multiple issues on appeal which may be condensed as follows: 1) the Trial Court abused its discretion in dismissing Taxpayer's complaint with prejudice and failing to issue findings of fact and conclusions of law in support of that decision; 2) the Trial Court abused its discretion in dismissing Taxpayer's complaint before addressing his motions for injunctive relief and summary judgment; 3) the Trial Court abused its discretion in denying Taxpayer's motion for recusal; 4) Appellees' PO should not have been granted as they were untimely filed; and 5) the Trial Court's opinion filed pursuant to Pa.R.A.P. 1925(a) was untimely.

## III. Discussion

### A. Waiver

At the outset, we must address whether Taxpayer has waived any of his arguments because he has either raised them for the first time on appeal or failed to develop them appropriately in his appellate brief. "Issues not raised in the lower

---

[15] When reviewing an order sustaining preliminary objections, our standard of review is *de novo* and scope of review is plenary. *Rohner v. Atkinson*, 118 A.3d 486, 489 n.4 (Pa. Cmwlth. 2015).

6

court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Issues raised in a statement of questions presented but not otherwise addressed in the argument portion of an appellate brief are also waived. *Singer v. Bureau of Prof'l and Occupational Affairs, State Bd. of Psychology*, 633 A.2d 246, 247 (Pa. Cmwlth. 1993). Pursuant to Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, the arguments in an appellate brief:

> shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, *followed by such discussion and citation of authorities as are deemed pertinent.*

Pa.R.A.P. 2119(a) (emphasis added). A court will not consider the merits of an argument where the issue is not properly raised and developed in a brief and the brief is inadequate to present a specific issue for review. *Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008). "Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." *Id.* (internal citations omitted). Arguments which are not appropriately developed are waived. *City of Philadelphia v. Berman,* 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004).

### 1. Pa.R.A.P. 302(a)

Taxpayer asserts in his appellate brief that he has been deprived of the right to be represented by an attorney without interference of the state and that Appellees have committed "wanton of [sic] acts obstructing and or hindering [his] right to sue in court" in violation of the Sixth and Seventh Amendments to the United States Constitution. Taxpayer Br. at 15. While Taxpayer purported to raise the Sixth and Seventh Amendments in his civil complaint, he merely alleged Appellees took action

7

in violation of his rights thereunder. Taxpayer made no supporting factual averments that he was prevented from seeking either legal counsel or redress through the courts by means of a jury trial. Having failed to plead those claims before the trial court, pursuant to Pa.R.A.P. 302(a), Taxpayer has waived them.

Also subject to waiver is Taxpayer's lengthy argument that his complaint sufficiently pleaded facts to support a claim for fraudulent misrepresentation and he should be allowed to amend his complaint accordingly. The amendment of Taxpayer's complaint was never an issue before the Trial Court; he raises it for the first time here.[16] Accordingly, it is waived.

Taxpayer's attempt to introduce a claim for civil conspiracy by means of his appellate brief likewise fails. While Taxpayer has correctly cited the elements of civil conspiracy in his appellate brief,[17] he did not do so in the complaint filed with the Trial Court, nor did he plead facts sufficient to establish a claim for civil conspiracy.[18] We conclude that issue is also waived.

## 2. Pa.R.A.P. 2119(a)

With regard to the remainder of Taxpayer's claims under the United States Constitution, he has not developed those arguments in his appellate brief. More

---

[16] Even had the issue been raised, Taxpayer's argument would fail as Taxpayer's complaint categorically fails to set forth either the elements of such a claim or facts to support it.

[17] The elements of a civil conspiracy claim are: 1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in furtherance of the common purpose; and 3) actual legal damage. *Weaver v. Franklin Cty.*, 918 A.2d 194, 202 (Pa. Cmwlth. 2007).

[18] In arguing the elements of civil conspiracy were sufficiently pled in his complaint, Taxpayer cites alleged overt acts made by "Ms. Cortes from [t]he Department of Public Welfare" and a legal aid attorney who stopped taking Taxpayer's calls. Taxpayer Br. at 18. Neither individual is a party to this action and it is woefully unclear how their actions would be attributable to Appellees.

8

specifically, beyond the inclusion of a quote from his civil complaint where he cites the Eighth and Ninth Amendments, Taxpayer fails to discuss these issues further. While Taxpayer baldly asserts he has been deprived of the bare necessities of life in contravention of the Fourteenth Amendment, he fails to allege facts to support that assertion. Taxpayer cites no legal authority in furtherance of his arguments and has, in all other respects, failed to develop them. Consequently, they are waived and we shall not consider them. *Boniella*; *Berman.*

Furthermore, although Taxpayer questioned the Trial Court's denial of his motions for recusal and injunctive relief in his statement of issues on appeal, he failed to otherwise address or develop these issues in his brief. These issues, too, are waived. *Boniella*; *Singer.*

### B. Preliminary Objection

We now turn to Taxpayer's argument that the Trial Court abused its discretion in sustaining Appellees' PO and dismissing his complaint with prejudice. Taxpayer maintains his complaint averred facts sufficient to demonstrate Appellees deprived him of his rights under the Pennsylvania and United States Constitutions, the LTEA, the TRC, the LTBRA, and the Civil Rights Act.

Preliminary objections that assert a pleading is legally insufficient may be sustained only where it appears with certainty that the law will not permit recovery under the allegations pleaded. *Twp. of Derry v. Pa. Dep't of Labor and Indus.*, 940 A.2d 1265, 1268 (Pa. Cmwlth. 2008). When reviewing preliminary objections, we accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that may be fairly deduced from those facts. *Id.* Preliminary objections are sustained when, under the facts as pleaded, it is clear the plaintiff will be unable to establish a right to relief. *Rohner*, 118 A.3d at 489 n.4.

9

The Trial Court's 1925(a) opinion clearly and succinctly explains why Taxpayer's complaint fails. Taxpayer's complaint consists of disjointed factual statements interspersed with bare allegations of discriminating, misleading, and condescending behavior on the part of Appellees. We commend the Trial Court's diligence and thoroughness in weeding through the complaint and distilling its contents into cognizable claims. For the reasons discussed below, we agree with the Trial Court that the constitutional and statutory authority relied on by Taxpayer does not entitle him to relief on any of his claims.

### 1. Article VIII, Section 2(b)(ii) of the Pennsylvania Constitution

Article VIII, Section 2(b)(ii) of the Pennsylvania Constitution provides that the General Assembly *may* grant tax exempt status to persons for reasons of disability or poverty. Pa. Const. art. VIII, § 2(b). Taxpayer supports his argument that "may" means "shall," and the General Assembly is thus constrained to create such a tax exemption, citing legal authority that is neither recognized by, nor binding upon, this Court.[19] As the Pennsylvania Constitution does not mandate the creation of a property tax exemption, the Trial Court committed no error in dismissing Taxpayer's claim in that regard.

### 2. Section 301.1(b) of the LTEA

While the LTEA applies to a veritable laundry list of entities, that list does not include counties.[20] Furthermore, although Section 301.1(b) of the LTEA expressly authorizes tax exemptions on the basis of income for the per capita or similar head

---

[19] Taxpayer argues that, when a statute directs action be taken for the sake of justice or the public good, the word "may" is the same as "shall," citing "Carth. 293 Salk. 609; Skin. 370." Taxpayer Br. at 9.

[20] Section 301.1(a) of the LTEA permits the assessment and collection of taxes by cities of the second class, cities of the second class A, cities of the third class, boroughs, town, townships of the first and second classes, and school districts of the fourth class. 53 P.S. § 6924.301.1(a).

tax, occupation tax, or earned income tax, it creates no such exemption for property taxes. 53 P.S. § 6924.301.1(b). Accordingly, the Trial Court did not err in dismissing Taxpayer's claim under Section 301.1(b) of the LTEA.

### 3. Section 304(d)(1) of the TRC

Section 304(d)(1) of the TRC provides that an individual whose annual income is less than $6,500 is entitled to a refund of taxes paid to the Commonwealth "under the provisions of this article." 72 P.S. § 7304(d)(1). This section falls under Article III of the TRC, relating to the imposition of personal income tax. Payment of Taxpayer's property taxes are at issue, not his personal income tax. Consequently, we discern no error in the Trial Court's dismissal of Taxpayer's claim under the TRC.

### 4. LTBRA

Section 8438 of the LTBRA explicitly provides that, "[e]xcept as provided in section 8426 (relating to interest on overpayment), [the LTBRA] shall not apply to any tax on real property." 53 Pa.C.S. § 8438. Taxpayer has not asserted a violation of Section 8426 of the LTBRA. Therefore, the Trial Court properly dismissed all claims related to alleged violations of the LTBRA.

### 5. Conspiracy under 18 U.S.C. §§ 241-42

The Trial Court determined Taxpayer's conspiracy claims must fail as the statutory provisions cited in Taxpayer's complaint, 18 U.S.C. §§ 241-42, are criminal statutes that do not create a private right of action. Taxpayer has proffered no legal authority that suggests he may assert a civil claim under Sections 241 and 242, and the Trial Court committed no error in dismissing his attempts to do so.

**6. Section 1983 of the Civil Rights Act**

Taxpayer argues that the CAO and Bureau are amenable to suit under Section 1983.[21] To state a claim under Section 1983, Taxpayer must 1) allege a violation of rights secured by the United States Constitution and the laws of the United States, and 2) show that the alleged deprivation was committed by a person acting under the color of state law. *Anelli v. Arrowhead Lakes Cmty. Ass'n, Inc.*, 689 A.2d 357, 360 (Pa. Cmwlth. 1997).

Taxpayer's appellate brief focuses solely on whether Appellees may be sued under Section 1983. Taxpayer has not explained how Appellees' denial of his request for exemption from the payment of property taxes violates any of his rights guaranteed by the United States Constitution or any other laws of the United States. As such, Taxpayer cannot state a claim under Section 1983. Accordingly, we need not address whether Appellees constitute persons acting under the color of state law.

**C. Trial Court's 1925(a) Opinion**

Next, Taxpayer argues that the Trial Court erred in failing to issue findings of fact and conclusions of law to support its dismissal of Taxpayer's complaint with prejudice. Taxpayer cites no legal authority to support his arguments that the Trial Court was required to issue such findings and conclusions or that the Trial Court's failure to do so mandates reversal of the order dismissing Taxpayer's complaint with prejudice. Rather, Taxpayer cites *Harley Davidson Motor Co., Inc. v. Hartman*, 442 A.2d 284 (Pa. Super. 1982), in which the Superior Court held that an abuse of

---

[21] Taxpayer has not argued error by the Trial Court in dismissing his 1983 claims against the Bureau Director and Treasurer. Also absent from Taxpayer's appellate brief is any discussion relating to Section 1981 of the Civil Rights Act or the Trial Court's dismissal of his claim, however cognizable, brought under the definitions section of the EEOA, 42 U.S.C. § 2000e. Consequently, these issues will not be addressed herein.

12

discretion occurs when a trial court dismisses a complaint without considering the sufficiency of the cause of action alleged therein.

*Harley Davidson* is inapposite, as the preliminary objections in that case were sustained by the trial court on technical grounds after the plaintiff failed to file a brief in opposition. Furthermore, any purported failure of the Trial Court to issue findings of fact and conclusions of law was obviated by the filing of its 1925(a) opinion on February 5, 2019.

Taxpayer further argues this Court should disregard the Trial Court's 1925(a) opinion as untimely pursuant to Pa.R.A.P. 1925(a)(2)(ii), which requires a trial court to file its opinion within 30 days of receipt of a notice of appeal. However, Rule 1925(a)(2)(ii) applies only to children's fast track appeals, which involve dependency, termination of parental rights, adoptions, custody, or paternity. *See* Pa.R.A.P. 102. As Taxpayer's complaint does not fit within any of these categories, the general rule set forth in Pa.R.A.P. 1925(a)(1) applies. The Trial Court is merely required to "forthwith file of record at least a brief opinion of the reasons for the order." Pa.R.A.P. 1925(a)(1). Consequently, Taxpayer's argument that this Court should disregard or set aside the Trial Court's 1925(a) opinion lacks merit.

### D. Timeliness of Preliminary Objections

Next, we address Taxpayer's assertion that Appellees' PO was untimely filed. Taxpayer notes that his complaint was served on Appellees on September 17, 2018, and Appellees had to file their PO within 20 days of that date. As Appellees filed their PO on October 9, 2018, 22 days later, Taxpayer maintains the PO was untimely.

Taxpayer is correct that, with limited exceptions, every pleading subsequent to the complaint must be filed within 20 days after service of the preceding pleading, provided the preceding pleading contained a notice to defend or is endorsed with a

13

notice to plead. Pa.R.C.P. No. 1026(a). However, Pa.R.C.P. No. 106(b) provides that when a filing deadline falls on a Saturday, Sunday, or a legal holiday, that day is to be omitted from this calculation. Twenty days from the date Taxpayer's complaint was served was October 7, 2018, a Sunday. The following day was Columbus Day, a legal holiday.[22] Consequently, as October 9, 2018 was the appropriate deadline, Appellees' PO was timely.

### E. Summary Judgment

Lastly, we address Taxpayer's claim that the Trial Court abused its discretion when it failed to address his summary judgment motion. Taxpayer argues the Trial Court should have accepted Appellees' failure to file a timely response to his complaint as an admission of fault and entered judgment in Taxpayer's favor. Taxpayer further argues that summary judgment should be entered against Appellees, as they did not file an answer to his summary judgment motion.

As discussed above, Appellees' PO was timely filed. The Trial Court sustained the PO and dismissed the complaint. Moreover, pursuant to Pa.R.C.P. No. 1028(d), even had the Trial Court overruled Appellees' PO, Appellees would have had 20 days to file their answer to Taxpayer's complaint.[23] Taxpayer's assertion that Appellees filed no response to his complaint is therefore baseless.

While Taxpayer is correct that no answer was filed in response to his summary judgment motion, Appellees' lack of response did not guarantee Taxpayer victory, as the applicable procedural rule does not mandate such an outcome. Rather,

---

[22] 2018 County Holidays. http://www.pacourts.us/assets/files/setting-6004/file-6678.pdf?cb=6ec644 (last visited July 29, 2019).

[23] Pa.R.C.P. No. 1028(d) provides that "[i]f the preliminary objections are overruled, the objecting party shall have the right to plead over within [20] days after notice of the order or within such other time as the court shall fix."

"[s]ummary judgment *may* be entered against a party who does not respond." Pa.R.C.P. No. 1035.3(d) (emphasis added). Taxpayer's summary judgment motion was rendered moot when the Trial Court sustained Appellees' PO and the complaint was dismissed with prejudice. In general, courts will not decide moot questions. *Pub. Def. Office of Venango Cty. v. Venango Cty. Ct. of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006). As such, we discern no error on the part of the Trial Court and Taxpayer's argument to the contrary is without merit.

## IV. Conclusion

Several of the issues raised by Taxpayer are waived because either he raised them for the first time on appeal or he failed to develop them in his appellate brief. The remaining statutory and constitutional provisions cited by Taxpayer do not provide an exemption from the payment of his property taxes. Accordingly, we affirm the order of the Trial Court.

Judge Fizzano Cannon did not participate in the decision of this case.

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gilbert M. Martinez, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1615 C.D. 2018 |
| | : | |
| Tax Claims Bureau, Director Stacy | : | |
| Phile, in her Individual Capacity, the | : | |
| Treasurer Dennis Adams, in his | : | |
| Individual and Official Capacity and | : | |
| Berks County Assessment Office | : | |

**PER CURIAM**

# **O R D E R**

AND NOW, this 13th day of August, 2019, the November 1, 2018 order of the Court of Common Pleas of Berks County is hereby AFFIRMED.