IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kyrell Wright-Smith, :
                    Petitioner :
                              :
    v.                        : No. 306 C.D. 2024
                              :
Pennsylvania Parole Board,     : Submitted: February 4, 2025
                  Respondent  :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: March 11, 2025

Kyrell Wright-Smith (Petitioner) petitions for review of the February 23, 2024 order of the Pennsylvania Parole Board (Board) denying his administrative challenge to the computation of his parole violation maximum date (February 23, 2024 Decision or Decision). Petitioner argues that the Board failed to properly credit time served by Petitioner due solely to the Board's detainer. In particular, Petitioner contends that the Board's Decision does not accurately reflect the periods of time during which he was incarcerated and under the Board's jurisdiction from January 15, 2020, until January 25, 2021. After careful review, we affirm the Board's Decision.

## Background

The relevant facts and procedural history of this case are as follows. In November of 2016, Petitioner entered a guilty plea in the Lancaster County Court of Common Pleas to Theft from a Motor Vehicle, Forgery, and Criminal Conspiracy.

(Certified Record (C.R.) 1-5.) Petitioner was sentenced to a term of 1 year, 8 months and 8 days to 7 years with a maximum sentence date of October 21, 2021. *Id.*

On March 12, 2019, Petitioner was released on parole. *Id.* at 10-13, 109. At this time Petitioner had a total of 954 days remaining on his sentence. *Id.* at 109. Petitioner was at liberty on parole from March 12, 2019, to December 16, 2019, when he was arrested on new criminal charges. The Board issued a warrant to commit and detain Petitioner on the same day. *Id.* at 27. By decision issued on February 14, 2020, the Board held Petitioner pending disposition of the new criminal charges. *Id.* at 29.

On January 21, 2021, the Board's detainer was lifted after the new charges were *nolle prossed*. *Id.* at 30. Petitioner was released back on parole on January 26, 2021. *Id.* at 31. On February 19, 2021, Petitioner was held on a parole violation detainer. *Id.* at 35. On March 4, 2021, the Board detained Petitioner and held the parole violation charges in abeyance, pending completion of programming. *Id.* at 36. Petitioner was released from detention on June 7, 2021. *Id.* at 37.

Petitioner was arrested on October 5, 2021 in Lancaster County. On October 12, 2021, Petitioner was charged with new criminal offenses. *Id.* at 46, 50, 76-80. On the next day, October 13, 2021, the Board issued a parole violation detainer. *Id.* at 39. The detainer was lifted on October 21, 2021. *Id.* at 40, 44, 77. Bail was set on the new criminal charges on October 15, 2021, but not posted until October 26, 2021. *Id.* at 46, 63, 66. On February 17, 2023, Petitioner was convicted of the charges resulting from the new arrest. *Id.* at 44, 47, 58. On April 18, 2023, Petitioner was sentenced to 1 to 3 years' and 6 to 12 months' incarceration to run concurrently and to be served at a State Correctional Institution (SCI). *Id.* at 47.

On April 19, 2023, the Board issued a warrant to detain Petitioner on his parole violation. *Id.* at 41. On May 5, 2023, Petitioner waived his rights to counsel and a parole revocation hearing, and admitted that his new conviction was a parole violation. *Id.* at 42-45. The Board revoked Petitioner's parole on May 18, 2023. *Id.*

2

at 92. On May 24, 2023, the Board issued a decision recommitting Petitioner as a Convicted Parole Violator or CPV. *Id.* at 97. The Board's revocation decision, dated May 24, 2023, but mailed on June 13, 2023, established Petitioner's parole violation maximum date as July 29, 2024. It also stated that Petitioner was awarded no credit for the time spent at liberty on parole. *Id.* at 97-98.

On July 5, 2023, Petitioner filed a *pro se* Administrative Remedies Form challenging the Board's May 24, 2023 decision. *Id.* at 105. In his Administrative Remedies Form, Petitioner stated:

> I am writing to ask for the 375 [d]ays that I was incarcerated in the [Department of Corrections] as a [Parole Violator Pending] from Jan. 15, 2020 to Jan. 25, 2021 to be credited towards the 438 days of back time[1] that I owe as well as the time that I have in since my return to the [Department of Corrections] on 5-10-23.

*Id.* at 117.

By a decision mailed February 23, 2024, the Board affirmed its May 24, 2023 decision. *Id.* at 109-110. The Board categorized Petitioner's request for administrative remedies as contesting the Board's recalculation of his maximum date. *Id.* at 109. The Board explained that Petitioner was paroled on March 12, 2019, with a maximum date of October 21, 2021. That left Petitioner with 954 days remaining on his sentence. The Board noted that its decision to recommit Petitioner as a CPV authorized the recalculation of his sentence to reflect that he received no credit for the time he spent at liberty on parole. Therefore, Petitioner had 954 days remaining on his sentence after his recommitment. *Id.*

The Board explained that the Department of Corrections lodged its detainer against Petitioner on October 13, 2021, and Petitioner was arrested on October

---

[1] "Back time" is the amount of time which the parolee must serve before he may again be eligible for parole. *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984).

15, 2021, for new criminal charges in Lancaster County. Petitioner's detainer was lifted on October 21, 2021. Petitioner posted bail on October 26, 2021. *Id.* Petitioner was then sentenced on April 18, 2023 to 1 to 3 year's and 6 to 12 months' incarceration, with both sentences to run concurrently. These sentences were to be served in an SCI. The Board explained that Petitioner was given confinement time credit from December 16, 2019, to January 25, 2021, of 406 days. *Id.* at 109-110. Petitioner was also given confinement time credit from February 19, 2021, to June 7, 2021, a total of 108 days. He was given back time from October 13, 2021, to October 15, 2021, a total of 2 days. The Board explained that when one subtracts the time credited (406 + 108 + 2 days = 516 days), from the 954 days remaining on Petitioner's sentence, there were 438 days still remaining on his sentence (954 - 516 = 438 days). *Id.* at 110.

The Board stated that under the Prisons and Parole Code,[2] "convicted parole violators who are paroled from a state correction institution and then receive an SCI sentence must serve the original sentence first." *Id.* The Board then explained that this provision "does not take effect until the parolee is recommitted as a convicted parole violator." *Id.* The Board further explained that in this case, May 18, 2023, is Petitioner's effective date because that is when Petitioner became available to the Board to serve his back time.[3] The Board concluded that adding 438 days to the date Petitioner became available to the Board gives Petitioner a new maximum date of July 29, 2024.[4] *Id.*

---

[2] 61 Pa.C.S. §§ 101-6309.

[3] This is the date that the Board revoked Petitioner's parole. (C.R. at 91.)

[4] On January 24, 2024, the Board issued a decision that took no action regarding additional Lebanon County and Dauphin County convictions. (C.R. at 101.)

4

On March 14, 2024, Petitioner filed a timely counseled petition for review in this Court.[5] Petitioner now alleges that the Board's February 23, 2024 Decision failed to properly credit his time served due solely to the Board's detainer and does not accurately reflect the periods of time during which Petitioner was incarcerated and under the Board's jurisdiction from January 15, 2020, until January 25, 2021. (Petitioner's Br. at 19.) Petitioner also avers that the Board abused its discretion by awarding no credit for his time spent at liberty on parole and that the Board erred in setting a maximum date substantially beyond the time period in which a parolee can be required to serve on the underlying sentence. *Id.*

## **Discussion**[6]

We begin by reviewing principles relating to parole. In general, upon a parolee's recommitment as a CPV, he must serve the remainder of the term which he would have been required to serve had he not been paroled. *Boyd-Chisholm v. Pennsylvania Board of Probation and Parole*, 240 A.3d 1005, 1011 (Pa. Cmwlth. 2020). Section 6138(a) of the Code governs parole violations and provides in relevant part with respect to CPVs:

---

[5] Although Petitioner has reached his recalculated original sentence maximum release date, Petitioner is still in custody in SCI at Waymart serving his new sentence. *See* http://inmatelocator.cor.pa.gov (last visited on 3/10/2025). Accordingly, the instant matter is not moot because Petitioner continues to be in state custody. *See El-Amin v. Pennsylvania Parole Board*, 273 A.3d 1255, 1257 n.4 (Pa. Cmwlth. 2022); *see also Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42 n.2 (Pa. Cmwlth. 2010).

[6] "This Court's review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Bailey v. Pennsylvania Parole Board*, 323 A.3d 259, 263 n.8 (Pa. Cmwlth. 2024) (quoting *Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017)). To the extent that this appeal involves statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *Id.*

**(a) Convicted violators.—**
(5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i)     If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].

61 Pa.C.S. § 6138(a)(5)(i).

Thus, under Section 6138(a)(5) of the Code, a CPV must first serve the balance of his original sentence before beginning the term of his new state sentence. However, Section 6138(a)(5) of the Code does not apply until the Board has revoked the prisoner's parole and the prisoner has become available to serve his original sentence. *White v. Pennsylvania Parole Board*, 276 A.3d 1247, 1253 (Pa. Cmwlth 2022) (citing *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980 (Pa. Cmwlth. 1980)).

With respect to the allocation of credit for time served for a parolee awaiting the disposition of new criminal charges, our Supreme Court established the general rule in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Pursuant to *Gaito*, "when a parolee: (1) is incarcerated on both new criminal charges and a detainer filed by the Board and (2) does not post bail for the new criminal charges, the time spent incarcerated shall be credited against the new sentence for his new criminal charges." *Williams v. Pennsylvania Board of Probation and Parole*, 68 A.3d 386, 389-90 (Pa. Cmwlth. 2013) (citing *Gaito*, 412 A.2d at 571). Additionally, "credit for time a [CPV] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Williams v. Pennsylvania Board of Probation and Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995).

6

Petitioner's primary argument is that the Board erred in not awarding him credit for the period of incarceration from January 15, 2020 through January 25, 2021, when Petitioner was held on the Board's detainer. (Petitioner's Br. at 23-26.) Petitioner relies on *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), which holds that pre-sentence detention time must be allocated to either the original sentence or to the new sentence. *Id.* at 309.[7]

Here, Petitioner was credited with the time he requests to have credited to his original sentence. As the Board explained in its Response to Petitioner's Administrative Remedies form "[*y*]*ou were given confinement time credit from December 16, 2019 to January 25, 2021 for 406 days.*" (C.R. at 109-10.) (emphasis added.) Because the record shows that Petitioner was given credit for all of the time he spent on the Board's detainer between January 15, 2020 to January 15, 2021, his argument is without merit.

Petitioner raises additional issues that were not argued or developed in his brief. The first such issue is the unsupported allegation that the Board abused its discretion when it awarded him no credit for time he spent at liberty on parole when it recommitted him as a CPV. (Petitioner's Br. at 19.) However, Petitioner did not raise this argument before the Board, nor does he develop the argument in his brief before this Court. He merely makes a single statement to that effect. "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875,

---

[7] "*Martin* addressed the situation where an indigent offender is incarcerated both on new criminal charges and a Board detainer prior to trial and, thereafter, is sentenced on the new criminal charges to less time than he spent in pre-sentence detention." *Williams*, 68 A.3d at 389. That is not the situation here. Therefore, *Martin* is inapposite.

878 (Pa. Cmwlth. 2012). *See also Mesko v. Pennsylvania Board of Probation and Parole*, 245 A.3d 1174, 1179-80 (Pa. Cmwlth. 2021); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993); *Newsome v. Commonwealth*, *Pennsylvania Board of Probation and* Parole, 553 A.2d 1050, 1052 (Pa. Cmwlth. 1989). We therefore find this issue is waived.[8] Another issue raised by

---

[8] Even if the issue had not been waived, it lacks merit because, pursuant to 61 Pa.C.S. § 6138(a)(2), Petitioner, as a CPV, is not entitled to credit for any period of time he was at liberty on parole. Section 6138 of the Code explains the Board's obligation regarding credit:

> (2) If the offender's parole is revoked, the offender shall be recommitment is so ordered, the parolee shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

> (2.1) *The* [B]oard *may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole*, unless any of the following apply:

>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch.97 Subch. H[1] (relating to registration of sexual offenders) or I[2] (relating to continued registration of sexual offenders.

>> (ii) The offender was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2), (2.1) (i)-(ii) (emphasis added).

Thus, under the Code, a CVP such as Petitioner has no right to be granted credit for the time he has spent at liberty on parole. However, the Board in its discretion may award credit to a CPV, when the circumstances listed in Section 6138(a)(2.1) are not present. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Those circumstances are not present in this case. In *Pittman*, the Supreme Court stated that "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* at 474. The *Pittman* Court also stated,

**(Footnote continued on next page…)**

Petitioner, but not developed, is that the Board erred in setting a maximum date substantially beyond the time period in which a parolee can be required to serve on the underlying sentence. This issue, like the previous issue, was not raised in Petitioner's Request for Administrative Relief before the Board. It also was not developed in any meaningful way in his Brief. Accordingly, this issue is also waived and we need not consider it further. *See Chesson*, 47 A.3d at 878 (stating that issues not raised before the Board are waived and cannot be considered for the first time on appeal); *City of Philadelphia v. Berman*, 863 A.2d 156 (Pa. Cmwlth. 2004) (holding that because a party failed to develop an issue in the Argument portion of it's brief, it had waived the issue.); *Singer v. Bureau of Professional and Occupational Affairs, State Board of Psychology*, 633 A.2d 246 (Pa. Cmwlth. 1993).

For the reasons discussed above, the decision of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

"the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

Here, the Board's decision to recommit Petitioner as a CPV, mailed on June 13, 2023, declined to award Petitioner credit for the time spent at liberty on parole. (C.R. at 109.) The Board explained that it did so because Petitioner had been convicted of a new crime that is the same or similar to his original offense and because Petitioner absconded while on parole supervision. *Id.* at 97-98. Thus, the Board properly exercised its discretion to deny Petitioner credit for the time he spent at liberty on parole and articulated the basis for its decision, as required by *Pittman.* For these reasons, Petitioner's argument is without merit.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kyrell Wright-Smith, : 
              Petitioner : 
           : 
             v. :   No. 306 C.D. 2024
           : 
Pennsylvania Parole Board, : 
              Respondent : 

## *ORDER*

AND NOW, this 11th day of March, 2025, the February 23, 2024 Order of the Pennsylvania Parole Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge